```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       ASHEVILLE DIVISION
                        1:07CV137-MU-02
```

```
JERRY D. SMITH,              )
     Plaintiff,              )
                             )
     v.                      )         ORDER
                             )
JOE HENDERSON, former        )
  Deputy Sheriff at the      )
  Haywood County Jail;       )
LUCRECIA RAY, Employee at)
  the Haywood County         )
  Jail;                      )
DAVID MITCHELL, Employee )
  at the Haywood County      )
  Jail; and                  )
JOY TRANTHAM, Employee at)
  the Haywood County         )
  Jail,                      )
     Defendants.             )
_____)
```

**THIS MATTER** comes before the Court on an initial review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed April 16, 2007. After careful consideration, for the reasons stated herein, defendants Henderson and Ray will be required to respond to certain of the plaintiff's allegations against them. However, the plaintiff's Complaint will be <u>dismissed</u> as to defendants Mitchell and Trantham.

As best as can be determined, the plaintiff was a pre-trial detainee at the old Haywood County Jail during most of the time

period which is relevant to his allegations.  Turning first to his allegations against defendants Mitchell and Trantham, there the plaintiff complains that on an otherwise unspecified occasion these two defendants took him back to his crime scene where they forced him to walk around in a "shock belt," shackles, handcuffs, and flip-flops.  The plaintiff further complains that Mitchell and Trantham made him walk over "very rocky and dangerous terrain" while they joked about accidentally "hitting the button."  Notwithstanding the plaintiff's obvious beliefs to the contrary, these allegations fall far short of stating a constitutional claim for relief.

Indeed, other than the embarrassment which that experience may have caused the plaintiff, he clearly was not at all harmed by the conduct about which he complains.  Thus, the subject conduct does not rise to the level of a violation of the Fourteenth Amendment's prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 (1979).  See also Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997)(noting that "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees--against "cruel and unusual punishment . . . ").  Id. at 1167.,

Likewise, the plaintiff's allegations that on some occasion, defendant Ray abused him by exposing him to "T.B.," and by housing him "in the floor naked . . . ," which episode caused him to

develop Bronchitis; and that she lost certain of his personal property and his "jail records" are far too conclusory to require her to respond to them.  To be sure, it is well settled that to survive a review for factual frivolousness, a plaintiff who is proceeding <u>in forma pauperis</u> cannot merely rely on "conclusory allegations."  <u>Cochran v. Morris</u>, 73 F.3d 1310, 1317 (4th Cir. 1996).

Similarly, the plaintiff's allegations that defendant Henderson handcuffed and cursed him during his arrest clearly do not state a claim for a violation of the Fourth Amendment's prohibition against the use of excessive force.  Therefore, defendant Henderson will not be required to address those matters.  On the other hand, however, the plaintiff's remaining allegations: (1) that during his arrest, defendant Henderson kicked him, causing him to require hospital treatment and resulting in some unspecified permanent injury to his elbow and shin; and (2) that on some unidentified occasion defendant Ray "refused [him] to be able to have [his] Native American Medicine Bag or a Bible but allowed other Books" are sufficient to require a response from these two defendants.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The plaintiff's Complaint is **DISMISSED** in its entirety as to defendants Mitchell and Trantham;

2.  The Clerk shall strike these two defendants' names from

the docket;

3. Defendants Henderson and Ray shall file an Answer or other response in accordance with the Federal Rules of Civil Procedure, but only as to the allegations which the Court has identified as being sufficient to withstand this initial frivolity review;

4. The Clerk shall prepare process and deliver it to the U.S. Marshal; and

5. The U.S. Marshal shall serve process upon defendants Henderson and Ray.

**SO ORDERED.**

Signed: April 25, 2007

Graham C. Mullen
United States District Judge