```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:07CV137-MU-02
```

```
JERRY D. SMITH,            )
    Plaintiff,             )
                           )
      v.                   )        ORDER
                           )
JOE HENDERSON, former      )
  Deputy Sheriff at the    )
  Haywood County Jail;     )
LUCRECIA RAY, Employee at  )
  the Haywood County       )
  Jail;                    )
    Defendants.            )
_____)
```

**THIS MATTER** comes before the Court on Plaintiff's Motion for Appointment of Counsel (document # 2), filed April 16, 2007; on his letter-motion requesting permission to amend his Complaint (document # 13), filed November 27, 2007; on his Motion to Amend/Correct Complaint (document # 15), filed December 11, 2007; on his letter-motion requesting an entry of default (document # 17), filed February 20, 2008; and on his letter-motion seeking a ruling on his motions to amend (document # 19), filed August 27, 2008.

The record of this matter reflects that on April 16, 2007, Plaintiff, who currently is in the custody of the North Carolina

Department of Corrections ("NCDOC" hereafter), filed a civil rights Complaint under 42 U.S.C. §1983 against four Haywood County Jail employees. However, upon its initial review, the Court determined that all of the allegations against David Mitchell and Joy Trantham) were subject to dismissal for Plaintiff's failure to state a claim for relief as to those two; and that certain other of the allegations against Defendants Henderson and Ray also were subject to dismissal for that reason.

On the other hand, the Court found that Plaintiff's allegations that Defendant Henderson assaulted him by striking him during the course of his arrest was sufficient to withstand initial review. Likewise, the Court determined that defendant Ray should have been required to respond to Plaintiff's claim that his "Native American Medicine Bag" and a Bible were withheld from him on an occasion. To that end, on April 25, 2007, this Court entered an Order directing Defendants Henderson and Ray to file an Answer to those specific claims.

Consequently, on May 16, 2007, Defendants' Answer was filed. By that Answer, Defendants essentially deny the material aspects of Plaintiff's Complaint. In particular, Defendant Ray denied that she denied Plaintiff a Bible and reported that any inmate who desires one is provided with a Bible, courtesy of the Gideons. Defendant Ray further denied that she violated Plaintiff's right to have his Medicine Bag. Instead, Defendant Ray

explained that upon Plaintiff's arrival at the Haywood County Jail, he was observed wearing a necklace with a little bag attached to it. Pursuant to certain Jail safety policies, such necklace was retrieved from Plaintiff and secured with his other personal property.

Defendant Henderson denied that he had kicked or otherwise assaulted Plaintiff. On the contrary, Henderson asserted that on the occasion of Plaintiff's arrest, Plaintiff slipped out of his handcuffs and assaulted Henderson in an attempt to kill him by holding Henderson's head underwater in a stream. Henderson further asserted that Plaintiff even had been convicted and sentenced to a lengthy term of imprisonment. Defendant Henderson also alleged that he suffered bodily and mental injuries from Plaintiff's assault; that he already had required medical treatment for his injuries and likely would be required to obtain more treatment in the future for them; and that he had suffered a loss of income from that assault. Based upon that recitation, Defendant Henderson lodged a counterclaim for battery by which he requested monetary damages from Plaintiff.

Accordingly, by Order entered May 17, 2007, the Court directed Plaintiff to respond to Defendant Henderson's counterclaim. On May 22, 2007, Plaintiff filed his Response. Notably, such response did not deny or otherwise challenge Henderson's assertion of the facts. Rather, Plaintiff merely set forth some of

the principles relating to the use of force by law enforcement officers. However, Plaintiff's Response did take issue with Defendant Ray's assertions that Plaintiff could have had a Bible had he desired one and his religious materials were taken pursuant valid Jail policies.

Turning to the current list of motions, on November 27, 2007, Plaintiff filed a letter-motion, reporting that his conviction for assaulting Defendant Henderson had been vacated; that he was returned to the Haywood County Jail for a retrial of that matter; and that upon his return there, he was "abused" in some unspecified way by additional unidentified defendants. Plaintiff's letter-motion thereafter asked the Court for guidance as to how he could add such allegations to his Complaint.

On December 11, 2007, Defendants Ray and Henderson filed a document opposing Plaintiff's request for permission to amend his Complaint. Such opposition properly noted that Plaintiff's proposed allegations both were vague and too attenuated from the allegations in his original pleading to justify their inclusion under the Federal Rules of Civil Procedure.

Also on December 11, 2007, Plaintiff filed a more formal Motion to Amend/Correct Complaint. In particular, Plaintiff alleges, for the first time, that Defendant Henderson actually was the one who jumped onto his back and held him under water in the stream during the course of his arrest. Plaintiff further

4

alleges that he suffered serious injuries for which he received medical treatment and for which he will require future medical treatment. Plaintiff requests punitive damages from Defendant Henderson.

Plaintiff reiterated his original allegations against Defendant Ray. In addition, however, Plaintiff belatedly seeks to allege that on an unspecified occasion, Ray refused him "much needed medical care," kept him housed for nine days in a cell without a toilet, water or bed, refused to give him his "medication" and otherwise "deprived [him] of basic human needs" in some unspecified way. Plaintiff further seeks to allege that Ray is "responsible for unnecessary and wanton infliction of cruel and unusual punishment"; and that the conditions at the old Haywood County Jail were inhumane and below "code." Plaintiff seeks injunctive relief and punitive damages from Defendant Ray.

Plaintiff seeks to allege that David Mitchell was deliberately indifferent to his health and safety in that Mitchell continued to house inmates at the Jail after it was condemned; he allowed a sexual predator to be housed in the general population, thereby permitting a sexual assault on Plaintiff; he refused to separate other violent offenders from the general population; he failed to conduct medical screenings at intake, thereby exposing Plaintiff to Tuberculosis and causing him to develop a severe case of Bronchitis; and he denied Plaintiff's request for his

legal documents.  Plaintiff seeks injunctive relief to "protect legal documents" and punitive damages from David Mitchell.

Plaintiff seeks to allege a claim of deliberate indifference against Brenda Rogers, asserting that on an unspecified occasion when he attempted suicide, Rogers laughed and took no action; that such non-response caused him to suffer life-threatening physical injuries which required hospitalization; that upon his return from the hospital, Rogers placed him in a cold cell in his underwear, failed to give him a bed or blanket and left the windows open in order to torment him; that Rogers stood idle as certain deputies pepper sprayed some drunks who were in an adjacent cell, separated only by bars; that such incident caused Plaintiff to suffer severe pepper spray burns; and that Rogers denied him his medicine bag and pepper spray upon his return to the Jail for retrial on the assault charge.  Plaintiff seeks injunctive relief and punitive damages against Ms. Rogers.

Plaintiff also seeks to allege claims of deliberate indifference against Dr. Brown, a physician who treated him at the Haywood County Jail.  In particular, Plaintiff alleges that Brown refused to give him some otherwise unspecified "much needed medical care," thereby resulting in Plaintiff's hospitalization on two occasions.  On one such occasion, Plaintiff alleges that an x-ray showed "severe trauma and fluid had to drain from his elbow with torn or broken tendons causing [him] severe pain and

swelling," but Brown failed to offer any treatment, resulting in his suffering and on-going pain.  Plaintiff seeks punitive damages from Doctor Brown.

On February 20, 2008, Plaintiff filed a letter-motion seeking entry of a default judgment against Defendants Henderson and Ray along with the newly identified defendants in his proposed amended complaint on the basis of their alleged failure to respond to his allegations.  On March 5, 2008, Defendants Henderson and Ray responded, noting that no response actually is due to Plaintiff's amended allegations because he has not yet been given leave of Court to amend his Complaint with those matters.

Last, on August 27, 2008, Plaintiff filed a letter-motion asking the Court to rule on his motions to amend his Complaint.

The Court carefully has reviewed the foregoing matters and has made the following determinations.  First, to the extent that this Court now is adjudicating Plaintiff's pending Motions, his Motion to Compel (document # 19) will be <u>granted</u>.

However, Plaintiff's Motion to Appoint Counsel (document # 2) must be <u>denied</u>.  Indeed, there simply is no constitutional right to court-appointed counsel in a civil case.  However, pursuant to 28 U.S.C. § 1915(e)(1), district courts may request the assistance of private attorneys to represent indigent parties, but only in exceptional circumstances.  <u>See generally</u> <u>Whisenant v. Yaum</u>, 739 F.2d 160, 163 (4th Cir. 1984) (noting the

requirement for "exceptional circumstances" in order to justify assistance of counsel); and Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975 (same).

After having reviewed Plaintiff's Motion, the Court finds that he has failed to demonstrate that it would be unreasonable to expect him to continue with his pro-se representation in this case. Indeed, the Court has determined that Plaintiff's claims are not so complex that he cannot be expected to represent himself. Moreover, though Plaintiff's documents may be inartfully drafted, as is often typical of pro-se documents, such pleadings have been sufficiently articulate to convey Plaintiff's positions to the Court. As such, his request for Court-appointed counsel must be denied.

As to Plaintiff's first Motion to Amend (document # 13), such document does not provide the critical essentials to satisfy the pleading requirements of the Federal Rules of Civil Procedure. That is, it does not specify the nature of the alleged "abuse" nor does it identify the persons who allegedly inflicted such "abuse" upon him. Consequently, that Motion must be denied.

As for Plaintiff's motion for an entry of default (document # 17), as Henderson and Ray have explained, no default has occurred. Rather, that motion is premature in that Plaintiff has not even been given permission to amend his Complaint; therefore, no response yet is required of the Defendants. Accordingly, this

motion must be denied.

Last as to Plaintiff's Motion to Amend/Correct Complaint (document # 15), the Court finds that the same also must be denied. That is, Plaintiff's proposed allegation that Defendant Henderson attempted to drown him, and not he Henderson is quite curious. First, Plaintiff made no mention of this alleged occurrence in his original Complaint. Furthermore, such allegation is flatly contradicted by the North Carolina Court of Appeals' resolution of Plaintiff's appeal in his criminal case.

Plaintiff was tried and convicted of having feloniously assaulted Defendant Henderson with the intent to kill him on the occasion of his arrest. On appeal, the State Court stated that there was "substantial evidence from which a reasonable juror could find that [Plaintiff Smith's] submerging of Deputy Henderson in the river was likely to produce death or great bodily harm." North Carolina v. Smith, 186 N.C. App. 57, 64 (2007) (internal quotation and citation omitted). And, although Plaintiff's conviction was reversed, it was not reversed for insufficient evidence, but for the trial Court's erroneous refusal to charge the jury on the lesser included offense of misdemeanor assault on a public official. Id. at 66. Notably, however, the State Court made no mention of any allegation that Defendant Henderson had attempted to drown Plaintiff.

Last, Defendant Henderson already has responded to Plain-

tiff's Complaint. Therefore, this Court finds that Plaintiff's belated attempt to add this allegation must be rejected.

As for Plaintiff's proposed allegations that Defendant Ray had, on an unspecified occasion, denied him some "much needed medical care" and medication and that she was "responsible for unnecessary and wanton infliction of cruel and unusual punishment" are far too conclusory to state a claim for relief. Indeed, Plaintiff does not even bother to set forth any facts which can establish that these alleged incidents took place within the applicable statute of limitations period and, therefore, are cognizable in this action. Similarly, Plaintiff has not attempted to link Defendant Ray to his proposed allegation that the conditions at the "old Haywood County Jail" were inhumane and below "code." Thus, those matters cannot be added to Plaintiff's Complaint.

Moreover, Plaintiff's proposed claim that Defendant Ray violated his rights by having housed him in a cell without a toilet or water or bed for nine days cannot be included in this action. Indeed, Plaintiff has failed to allege a time frame for this incident and, more critically, he does not allege that he suffered any resulting harm from the incident. Accordingly, the Court finds that in the absence of such allegations, Plaintiff has failed to state a constitutional claim for relief as to these matters.

As to David Mitchell, the Court already rejected Plaintiff's originally proposed allegations that Mitchell and another person took him back to the location of his arrest and essentially humiliated him. See this Court's Order of April 25, 2007 (document # 5). Now, Plaintiff is seeking to add claims that Mitchell was deliberately indifferent to his health and safety by housing inmates at the old Jail after it was condemned, housing violent offenders in the general population, failing to conduct medical screenings at in-take and denying Plaintiff's requests for medical documents. Such claims, like some of the proposed allegations against Defendant Ray, simply are too vague or otherwise lacking in factual bases to state a claim for relief. Indeed, Plaintiff either has failed to allege specific dates and/or any resulting harm in connection with these allegations; therefore, these proposed claims cannot be included in his Complaint.

Furthermore, Plaintiff is seeking to add a claim that Mitchell housed a sexual predator in general population, thereby resulting in Plaintiff's having been sexually assaulted by such inmate. However, Plaintiff does not set forth the date on which such assault occurred. Equally critically, Plaintiff does not allege a single fact to establish that Mitchell was aware of the risk of harm posed by the offending inmate and failed to take appropriate action in the face of that harm. See Miltier v Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990) ("A defendant acts

recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position."). Therefore, Plaintiff will not be permitted to amend his Complaint to include these allegations.

Plaintiff also seeks to add claims that Brenda Rogers was deliberately indifferent to his serious medical needs on an occasion, that she placed him in a cell without adequate clothing and bedding, that she failed to take action when other deputies (not named as parties to this action) inadvertently sprayed him with pepper spray and she sprayed him with pepper spray on a separate occasion, and that she also denied him access to his Medicine Bag on an occasion. Notably absent from such proposed allegations is hint at the date on which such occurrences took place. Plaintiff also does not allege resulting harm in connection with most of these allegations. Again, therefore, Plaintiff has failed to establish that these proposed claims are cognizable in this case.

Finally, as to Plaintiff's proposed claim that Dr. Brown was deliberately indifferent to his serious medical needs, such allegation also is insufficient to state a claim for relief. That is, Plaintiff fails to identify the "much needed medical care" which Brown should have provided and, in any event, he fails to allege any dates so as to establish that this proposed claim is cognizable in this action. Therefore, Plaintiff cannot amend his

Complaint to include this allegation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (document # 2) is **DENIED**;

2. Plaintiff's letter-motion requesting permission to amend his Complaint (document # 13) is **DENIED**;

3. Plaintiff's Motion to Amend/Correct Complaint (document # 15) is **DENIED**;

4. Plaintiff's letter-motion requesting an entry of default (document # 17) is **DENIED**; and

5. Plaintiff's letter-motion seeking a ruling on his motions to amend (document # 19) is **GRANTED** to the extent that the Court now has ruled on Plaintiff's motions to amend.

**SO ORDERED.**

Signed: October 7, 2008

Graham C. Mullen
United States District Judge