```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:07CV137-MU-02
```

```
JERRY D. SMITH,                  )
     Plaintiff,                  )
                                 )
       v.                        )    O R D E R
                                 )
JOE HENDERSON, former Deputy     )
  Sheriff at the Haywood Coun-   )
  ty Jail; and                   )
LUCRECIA RAY, employee at the    )
  Haywood County Jail,           )
     Defendants.                 )
_____)
```

**THIS MATTER** comes before the Court on its own motion.

According to the record, on April 16, 2007, Plaintiff filed a Complaint under 42 U.S.C. § 1983 claiming, among other matters, that he was assaulted by Defendant Henderson in the course of Henderson's effecting Plaintiff's arrest; and that on an occasion, Defendant Ray refused to allow him to have access to his "Native American Medicine Bag." On April 25, 2007, the Court entered an Order dismissing the other claims but allowing the instant two claims to proceed against Defendants Henderson and Ray. Further, the Order directed Defendants to respond to the allegations.

On May 16, 2007, Defendants filed an Answer denying the

material allegations in Plaintiff's Complaint. In addition, Defendant Henderson alleged a counterclaim for damages alleging that Plaintiff had assaulted and attempted to kill Henderson during a struggle which Plaintiff initiated in an attempt to avoid arrest. In fact, Defendant Henderson advised the Court that Plaintiff had been convicted of the subject assault in the Superior Court of North Carolina.

On May 17, 2007, the Court directed Plaintiff to respond to Henderson's counterclaim. On May 22, 2007, Plaintiff filed a response essentially challenging Henderson's authority to use force to arrest him on the occasion in question. Such response, however, did not challenge Henderson's version of the facts.

Thereafter, Plaintiff twice sought permission to amend his Complaint to add claims. One such Motion also reported that Plaintiff's conviction for assaulting Defendant Henderson recently had been vacated by the North Carolina Court of Appeals. In any case, Plaintiff's Motions to Amend were denied.

Accordingly, the Court now will advise the parties that either one of them may file a motion for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure and as below directed.

**NOW, IT IS THEREFORE ORDERED THAT:**

1. Within forty (40) days of the entry of this Order, either party may file a motion for summary judgment in accordance

with Rule 56 of the Federal Rules of Civil Procedure.

2. In the event that a motion for summary judgment is made by a party <u>and</u> supported as provided in Rule 56, the opposing party may not rest upon the mere allegations or denials of such opposing party's pleading. Rather, the opposing party, <u>within forty (40) days of the filing of the motion for summary judgment</u>, must file a response along with affidavits, setting forth specific facts showing that there is a genuine issue for trial. <u>As indicated by Rule 56(e)(2), a party's failure to respond to a properly supported motion for summary judgment may result in the granting of such r summary judgment motion</u>.

3. In the event that a party elects <u>not</u> to file any such dispositive motion, within thirty (30) days of the entry of this Order, that party shall advise the Court in writing of his/her decision <u>not</u> to file the motion.

**SO ORDERED.**

Signed: December 23, 2008

Graham C. Mullen
United States District Judge