IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv137-RJC-DLH

| | | |
|---|---|---|
| JERRY D. SMITH, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | ORDER |
| JOE HENDERSON, et al., | ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the defendants' Motion for Summary Judgment (Doc. No. 22), the plaintiff's response (Doc. No. 24), and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 27). For the reasons that follow, the Court allows the defendant's Motion for Summary Judgment in the manner recommended by the M&R.

I.  BACKGROUND

Smith filed this action on April 16, 2007, in accordance with the provisions of 42 U.S.C. § 1983. (Doc. No. 1). His claims span the course of his arrest as well as a period of incarceration following his conviction.

In particular, Smith contends he was subjected to excessive force at the time of his arrest by Joe Henderson, a Haywood County, North Carolina deputy. (Doc. No. 1 at 3). Smith further claims he was denied his Bible and Native American medicine bag by Lucrecia-Ray, a deputy and the chief jailer, after he was convicted. (Doc. No. 1 at 3-4). The Court adopts the additional facts as stated in the M&R. (Doc. No. 27).

1

## II. DISCUSSION

### A. Standard of Review

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

### B. Failure to Provide Roseboro Notice

Smith did not receive a Roseboro notice upon the defendants' filing of their summary judgment motion. As a result, the Court agrees with the Magistrate Judge's decision to resolve this motion on the merits as if Smith's supporting materials had been supported by his own affidavit or sworn declaration. An adequate Roseboro notice would have informed the plaintiff of this requirement, and the Court thus finds it appropriate to accept Smith's supporting materials even though they are submitted unsworn.

### C. Plaintiff's Specific Objections to the M&R

#### 1. Defendant failed to "knock and announce" before entering Plaintiff's property and used excessive force.

Smith argues in his objections to the M&R that Defendant Henderson entered private property without a warrant and without complying with the "knock and announce" rule. He suggests Henderson illegally trespassed onto private property. (Doc. No. 29 at 2). However, there is no record evidence that Henderson ever entered a private residence,[1] and the "knock and announce" rule thus does not apply. See Richards v. Wisconsin, 520 U.S. 385, 394 (1997). Smith was apprehended after exiting a residence through a back door and fleeing once he saw Henderson. Smith was not within the home when he was seized, and he does not allege that Henderson ever entered the residence.

Smith further contends that Henderson's conduct during the arrest caused Smith to defend himself by resisting arrest, thereby assaulting Henderson. (Doc. No. 28 at 1-3). However, such a finding would be inconsistent with the underlying convictions for which plaintiff is currently incarcerated.

This Court agrees with the Magistrate Judge that Riddick v. Lott provides persuasive guidance on the instant issue. 202 Fed. Appx. 615 (4th Cir. 2006) (unpublished). In Riddick, the Fourth Circuit vacated and remanded dismissal of an excessive force claim under § 1983 as being barred by Heck v. Humphrey, 512 U.S. 477 (1994) (explaining that a claim for damages under § 1983 is not cognizable if its success would render plaintiff's still-valid conviction or sentence invalid). The court explained in Riddick:

---

[1] The Court adopts the Magistrate Judge's finding of fact regarding the lack of evidence that Smith entered a private residence.

> If the officer's alleged punch caused Riddick to engage in the conduct that undergirds his conviction, then a successful § 1983 suit would necessarily imply invalidity of that conviction, since a person cannot be found guilty of resisting arrest if he is simply protecting himself, reasonably, against an officer's unprovoked attack or use of excessive force.

202 Fed. Appx. at 616. Although unpublished, Riddick is a Fourth Circuit decision, addresses the precise issue this Court faces, and is persuasive. In light of Heck, and following Riddick's reading of that case, the Court will adopt the Recommendation of the Magistrate Judge and grant the defendants' motion as to Smith's excessive force claim.

### 2. Defendants failed to provide Plaintiff with medical care in response to his injuries.

In his objections, Smith alleges he was denied access to medical care while housed in the "old" Haywood County Jail to the point where he needed to be hospitalized. (Doc. No. 28 at 7-8). He maintains that he was kept in a "drunk tank" for nine days without bedding, which he believes caused his need for hospitalization. (Id.). Smith further alleges that there was no formal procedure for sick prisoners to request medical assistance and that Defendant Ray refused to supply him with necessary medical treatment. (Id.). According to Smith, the conditions he endured constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. (Id.).

Smith's allegations are conclusory, and the Court dismissed them as such upon initial review. (Doc. No. 5 at 2-3). To the extent the allegations vary from his initial pleading, they still fail to assert a cognizable claim. Actions constituting cruel and unusual punishment must be wanton. Wilson v. Seiter, 501 U.S. 294 (1991). Where the challenge is to inhumane conditions of confinement or a failure to meet medical needs, a showing of deliberate indifference will establish wantonness. Estelle v. Gamble, 429 U.S. 97 (1976); LaFaut v. Smith, 834 F.2d 389 (4th Cir. 1987).

The conduct of which Smith complains fails to evidence deliberate indifference. As a result, the Court will grant the motion regarding Smith's claims under the Eighth and Fourteenth

4

Amendments for denial of access to medical care.

### 3. The jail did not allow prisoners to have Bibles and did not have a procedure for prisoners to file grievances.

Smith contends that there was no grievance procedure in place at the "old" Haywood County Jail, which prevented him from filing a complaint about his inability to access his Bible while incarcerated. (Doc. No. 28 at 5). Plaintiff's claims stem from his stay at the facility that he was housed in after his arrest on August 4, 2004, and before he arrived at the Haywood County Jail on May 30, 2006. (Id.). Defendant Ray has provided a copy of the Haywood County Jail's inmate grievance procedure which she states was in place at both the "old" and current jail, and which shows that Smith filed no grievance with the jail concerning his lack of access to his personal Bible. (Doc. No. 22-3 at 8; Doc. No. 25 at 3).

As such, Smith has not shown that he has exhausted his administrative remedies. The Prisoner Litigation Reform Act ("PLRA") requires that prisoners exhaust all available remedies in a suit challenging prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). In order for prison grievance systems to work, inmates must "compl[y] with the system's critical procedural rules." Id. at 95. Smith has not provided evidence that he has exhausted his administrative remedies as to this claim, and the Court will thus dismiss without prejudice Smith's first amendment claim based on denial of access to his personal Bible.

### 4. Plaintiff was improperly denied access to his Native American medicine bag necklace.

Smith alleges that while other inmates were allowed to wear jewelry such as wedding bands, he was not allowed to wear his Native American medicine bag necklace. (Doc. No. 28 at 8). Smith

contends this prohibition deprived him of his rights under the First and Eighth Amendments.[2] The Magistrate Judge correctly found that Smith has failed to provide any evidence of deliberate indifference to his medical needs, and any Eighth Amendment claim regarding denial of access to the medicine bag will be dismissed.

While inmates do retain some of the protection afforded by the First Amendment, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a reaction justified by the considerations underlying our penal system." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Defendant Ray contends that safety concerns prevent Smith from wearing his medicine bag necklace. (Doc. No. 22-3 at ¶ 2). However, Ray has failed to provide a sufficiently detailed explanation into the prison's safety concerns that would prevent Smith from having access to this item. More specifically, as the Magistrate Judge observed, the Court has insufficient information to conduct the four-factor test laid out in Turner v. Safley, 482 U.S. 78, 89 (1987), and employed in O'Lone:

(1) whether there is a rational connection between the regulation and the penological interest asserted;

(2) whether inmates have alternative means of exercising their rights;

(3) what impact accommodation of the right will have on guards, other inmates and the allocation of prison resources, and

(4) whether alternative methods for accommodation exist at de minimis cost to the penological interest asserted.

Nevertheless, Smith has again failed to exhaust his administrative remedies. As such, the Court adopts the Recommendation that Smith must first exhaust his administrative remedies before

---

[2] The Magistrate Judge liberally construed Smith's allegations to include violations of both the First and Eighth Amendments, and this Court does the same.

bringing an action in federal court. The motion for summary judgment, as it pertains to Smith's first amendment claim for denial of access to his medicine bag necklace, will be dismissed without prejudice for failure to exhaust such claim administratively.

     **5.**    **RLUIPA claim**

Finally, the Court has also considered Smith's claims concerning his medicine bag and personal Bible under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* at § 2000cc-1(a), which the M&R observes may be implicated. Smith has not objected to the Recommendation that any claim under RLUIPA is barred because he has failed to first allege and then present proof of a physical injury. After a careful review of the record, the Court finds that the M&R is supported by the record and applicable law, and therefore dismisses without prejudice any claim for relief under the RLUIPA.

**III.**    **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

    1.    Defendant Henderson's Motion for Summary Judgment (Doc. No. 22) as to Smith's excessive force claim is **DENIED** on the merits without prejudice, but such § 1983 claim is **DISMISSED**, as it is not cognizable under § 1983 in that its success would necessarily imply invalidity of the plaintiff's underlying convictions;

    2.    Defendant Ray's Motion for Summary Judgment (Doc. No. 22) as to Smith's first amendment claims for denial of access to his Bible and Native American medicine bag is **DENIED** on the merits without prejudice, but such motion is **GRANTED** for failure to exhaust administrative remedies as required by the PLRA, and these two claims are **DISMISSED** without prejudice;

    3.    Defendant Ray's Motion for Summary Judgment as to any eighth amendment claim

for deliberate indifference to medical needs based on plaintiff's lack of access to his medicine bag is **GRANTED** on the merits, and such claim is **DISMISSED**; and

4. Plaintiff's claims, if any, under the Religious Land Use and Institutionalized Persons Act are **DISMISSED** without prejudice.

**SO ORDERED.**

Signed: November 15, 2010

Robert J. Conrad, Jr.
Chief United States District Judge